RUFFIN, executrix, *vs.* PARIS.

1. Where the judgment of the superior court was adverse to the defendants, one of them could except and bring the case to this court without joining the other plaintiffs in error; and a failure to do so will not work a dismissal of the writ of error.

2. Where a motion for new trial is made, and exception is taken to the ruling thereon, the evidence may be brought up in the record, but it must be referred to in the bill of exceptions.   Where there is no reference in the bill of exceptions to the brief of evidence, and a motion is made to dismiss the writ of error, and thereupon a motion is made to amend the bill of exceptions by adding a reference to the brief of evidence, the later motion will be sustained and the former overruled.

3. Where an issue of fact was submitted to the jury as follows, "Has Whittington (the defendant) put any improvements upon the land, and if so, how much were the improvements worth," and the jury answered, "He has made improvements on thirty acres, worth six dollars per acre," it will not require a new trial that the court did not submit issues requested as to what, if anything, the land would have been worth for rent if Whittington had not cleared it up, and whether the clearing benefited or injured the land.   The question submitted and its answer covered the issue which the defendant desired, so far as it was necessary to the making of a proper decree in the case.

4. There was sufficient evidence to support the findings of the jury, to the effect that the husband purchased the land with the wife's money, paid for it with such money, which she gave him to buy the land for her own benefit, and that one who made an advance

and took a securfty deed knew of the facts, and that one hundred dollars had been paid to him.

5. Where the jury found, in answer to one issue submitted to them, that the money was loaned to the husband and wife jointly, and in answer to another issue, found that the note was given by the husband and wife for the husband, there was no necessary conflict between such findings; but giving the verdict a reasonable intendment and interpretation, these findings were that the husband could not have obtained the loan in his own name and on his own credit alone, but had to get his wife to sign with him, which she did for him.

6. The verdict is not so contradictory as not to authorize a decree thereon, nor did the court err in entering upon the verdict a decree that the complainant recover the land and *mesne* profits, less the value of improvements.

7. The verdict is not contrary to law and evidence, or to the equity of the case.

(*a.*) A wife cannot convey her property to secure her husband's debt, nor can she become his security to obtain money or cotton for him; and where a lender took her deed with knowledge that she was conveying her land to secure her husband's debt, she could recover the land from him, and her deed would not estop her from so doing.

(*b.*) The verdict and decree allowed the defendant all that the law allows a trespasser buying with knowledge, namely, the value of his improvements as a set-off against rents.

November 17, 1885.

Practice in Supreme Court. Practice in Superior Court. Verdict. Husband and Wife. Debtor and Creditor. Estoppel. Notice. Before Judge WILLIS Taylor Superior Court. February Term, 1885.

Reported in the decision.

W. S. WALLACE & SON, for plaintiff in error.

A. A. CARSON; C. J. THORNTON, for defendant.

JACKSON, Chief Justice.

1. A motion was made to dismiss this writ of error because all the defendants below are not plaintiffs in error

here. They need not be. Either one may bring the case here, and the others rest content with the judgment below. This court has so ruled frequently.

2. The statute provides that, when a cause is brought here on a motion for a new trial, the brief of evidence need not appear in the bill of exceptions, but if filed in the clerk's office, it may come up as part of the record, but must be referred to in the bill of exceptions. No reference here is made to it in the bill of exceptions, and a motion was made to dismiss it. Thereupon the counsel for plaintiff in error moved to amend the bill of exceptions, under the act of 1881; (Code, §4272(b) ), from facts in the record, it there appearing that counsel had therein agreed to the brief of evidence, and the court had approved it. By virtue of the ruling in 67th *Ga.*, 364, *Kelly vs. McGehee, administratrix, et al.*, the motion to amend must be allowed, and the motion to dismiss is overruled.

3. In respect to the merits of the case, it appears from the record that the bill was brought by Mrs. Paris against one Whittington (whose executrix was made party defendant on his death) and her husband, to recover a tract of land conveyed by her husband and herself to secure payment of certain indebtedness of such husband, the land being hers, and to recover the land with the rents, issues and profits thereof. The defendant answered this bill, and therein set up title to the land in the husband, and conduct of the wife amounting to an estoppel. The case was tried before a jury on questions propounded by the court, and upon their finding, in answer to those questions, the chancellor made a decree that the complainant recover the premises in dispute and rents for eight years, amounting to $480.00 less $180.00, for improvements by Whittington thereon. A motion for a new trial was denied the executrix of Whittington; she excepted, and this denial of her motion on the grounds therein specified, is the error assigned here.

In view of the questions propounded to the jury by the court and the answers thereto, we do not see how the de-

fendant was hurt by the refusal of the court to put before them those requested by her counsel. Those additional issues requested are, what, if anything, would this land have been worth for rent if Whittington had not cleared it up, and did the clearing benefit or injure the land? It seems very clear that the 9th question put by the court, to-wit, " Has Whittington put any improvements upon the land, and if so, how much were the improvements worth?" with the answer, " He has made improvements on thirty acres, worth $6.00 per acre," covers substantially the reply to the questions defendant wished to have in issue, so far as was necessary to enter a proper decree in the case made by the pleadings and facts.

4. The next grounds of the motion are that the facts do not support the verdict in reply to the 1st, 2d, 3d, 7th and 10th questions put by the court. These answers of the jury are, that the husband purchased the land with the wife's money, and paid for it with her money, which she gave him to buy the land for her own benefit; that Whittington knew at the time he took the deed that the land was purchased by H. A. Paris with his wife's money and for her and that $100.00 has been paid to Whittington.

There is evidence enough in the record to sustain the finding of the jury. It is in evidence that the husband was worth little or nothing, and the wife well off; that Whittington lived near them—next door neighbor, as it were; that when the husband bought the land at administrator's sale and took the title in his own name, he had no money to use except his wife's; that when Whittington took the deed to the land afterwards from Paris, the husband, he insisted upon the wife's joining; that he said to one of the witnesses that he was safe, as he had got the deed signed by her, or words to that effect; that the wife sent the husband to buy the land for her with her money; that the marriage between them was since the woman's law of 1866; and thus there is abundant evidence to convince a jury and support a finding that the husband bought

the land at the sale with the wife's money, which she gave him for her own benefit; and that Whittington knew it when he took the deed, may well be reasoned and concluded by the fact that he lived in their immediate neighborhood, and took the deed from her as well as her husband, though the deed the husband held was to himself alone, with no mention of or allusion therein to his wife, and by the additional fact that the note was so taken and the bond for titles to re-convey on its payment was to both. So in regard to the payment of one hundred dollars to Whittington, there is evidence, though it seems to be an immaterial issue.

5. The next ground is that the verdict is contradictory in answer to the fourth and fifth questions because in one it is replied by the jury that the money was loaned to Lucy Paris and H. A. Paris jointly, while in the other it is answered that the note was given by H. A. Paris and Lucy Paris for H. A. Paris. All verdicts must have a reasonable intendment and interpretation, and the meaning of these two answers, construed together, is that Whittington did lend the money, or cotton which brought the money to both, in the sense that the husband could not have got it by his own name and on his own credit alone, but had to get his wife to sign with him, which she did do for him; and hence the answer that " the note was given by H. A. Paris and Lucy Paris for him." The two replies are reconcilable in this view, and together they make the verdict on these issues, and express what the jury found to be the truth, that the lender would not let the borrower have the money or cotton unless his wife signed, too, which she did for her husband.

6. We conclude, therefore, that there is nothing in the next ground, that the verdict is so contradictory as not to authorize a decree thereon; nor in the next ground, that the court erred in entering under the verdict a decree that the complainant recover the land and *mesne* profits, less the value of improvements.

v 75·42

7. Nor is the verdict contrary to law and evidence and the equity of the case. There is no estoppel in a case like this. The plaintiff in error had knowledge of the facts according to the jury's finding, which is supported by evidence. He took her deed, with that knowledge, to her own land, to secure her husband's debt. It is void. Code, §1783, and Georgia reports following. To estop her by her deed, would be to nullify the statute cited above. Nor could she go his security to get money for him, or cotton either, by the express language of the same statute, which is the very thing she did here, according to this verdict, supported sufficiently by evidence.

The verdict and the decree allowed the defendant all that the law allows a trespasser buying with knowledge, and not an innocent purchaser without notice; and that is the value of his improvements as a set-off against rents. which those improvements caused, to be deducted from those rents. Code, §3468.

Cited by plaintiff in error, 55 *Ga.*, 667; 27 *Id.*, 469; 49 *Id.*, 458; 51 *Id.*, 83; 55 *Id.*, 519; 5 *Id.*, 288; 39 *Id.*, 328; 57 *Id.*, 459; 61 *Id.*, 401; 51 *Id.*, 13, 291; 9 *Id.*, 224, 238; 16 Ala., 486; 9 *Ga.*, 23; 62 *Id.*, 733; 7 Mass., 291; 10 Metcalf, 192; Herman on Estop., 236.

For defendant, Code, §1783; 57 *Ga.*, 207; 61 *Id.*, 662; 60 *Id.*, 29, 78; 56 *Id.*, 210; 59 *Id.*, 254, 380; 42 *Id.*, 95; 62 *Id.*, 133; 70 *Id.*, 57, 201, 322.

Judgment affirmed.