## SOCIAL BENEVOLENT SOCIETY, NO. 1, v. HOLMES.

1. The petition sufficiently set forth that the defendant is a benefit society. It is alleged that under the charter and by-laws the nearest relative of a member is the beneficiary of the fund payable upon the death of the member. It being alleged that the plaintiff's ward was the nearest relative of the deceased member, the suit was properly instituted in the name of the plaintiff.

2. A certificate of membership is not indispensable to the completion of a contract between a member of a benefit society and the society. In the absence of the certificate of membership, it is competent to look to the by-laws of the society in order to determine the obligations of the society, existing by reason of a good-standing membership therein; and unless there is an express provision in the by-laws that a certificate of membership is essential, the by-laws and the existence of the good-standing membership may alone be regarded as constituting a valid contract for the doing of anything for which the society is bound by its by-laws to the member.

3. Where the provisions of the charter and the by-laws of a benefit society are relied upon in the plaintiff's declaration as constituting the contract upon which the action is founded, and there is no allegation of the substance of the charter and by-laws, but only an averment which amounts to a conclusion as to their effect, the declaration is subject to special demurrer upon the ground that a copy of the provisions of the charter and by-laws relied upon is not attached. The objection is not overcome by alleging that the plaintiff has not the charter and by-laws, but has served the defendant with notice to produce them.

4. There being sufficient allegations to state a cause of action in favor of the beneficiary, who was a minor, it was competent for the suit to be instituted in her behalf by her guardian.

5. While the law requires a contract of insurance to be in writing, it is not necessary to allege, in a suit on an insurance contract, that it is in writing. In such a case, as against a demurrer, the presumption is that the contract is in writing, as the law requires it to be.

6. The amendment offered in this case did not add a new cause of action. It was properly allowed; and the petition as amended was not open to the general demurrer, nor to any ground of the special demurrer for any reason assigned, except as ruled in the 3rd headnote.

Argued June 8, 1906.—Decided February 15, 1907.

Complaint. Before Judge Johnston. City court of Waynesboro. September 11, 1905.

*Brinson & Davis,* for plaintiff in error.

ATKINSON, J. Martha Holmes, as guardian for Estelle Crumley, brought suit against the Social Benevolent Society, Number 1, alleging, that the defendant was a corporation chartered under the laws of Georgia for benevolent purposes, with principal office and place of business at Waynesboro, Georgia; that the defendant

is indebted to the plaintiff in the sum of $200, besides interest, which indebtedness arose as follows: Mary Crumley, the mother of plaintiff's ward, was, at the time of her death, a member in good standing in the defendant's society; and, under the by-laws of the society, 30 days after the death of a member, such society became indebted to the nearest relative of the deceased, in a sum equivalent to the number of their members, upon a basis of 50 cents each. Plaintiff has not a copy of the by-laws and rules to attach hereto, but has served notice to produce the same. At the date of the death of Mary Crumley there were 400 members of the society, which at 50 cents each would make the amount due the nearest relative of the deceased $200. Mary Crumley left only one heir at law, to wit, the plaintiff's ward, who is entitled to receive the sum above referred to. The plaintiff has demanded payment, and payment has been refused. Attached to the petition (which appears to have been served with it) is a notice to the defendant to produce its record and books, certificate of incorporation, a copy of its rules and by-laws in force at the time of the death of Mary Crumley, and also the original rules and by-laws in force since its organization. By amendment the plaintiff alleged, that Mary Crumley died on May 20, 1903, leaving no debts and leaving the plaintiff's ward as her sole heir at law; that subsequently an assessment was made by the society, according to its by-laws, upon a membership of 400, thereby assessing its membership, for the benefit of the plaintiff's ward, the sum of $200; that under such assessment $200 had been paid in to the treasurer of the society, and the society, instead of paying over the money to the plaintiff as the person properly entitled to receive it, has appropriated such funds to its own use; that the assessment was within the scope of the power and authority granted under the articles of incorporation, and has been assented to by all of the membership; and the money so paid off was collected for the purpose of discharging the obligation to the plaintiff's ward, under its rules and by-laws above referred to; that no part of the amount so collected has been paid over; and that the assessment so made was entirely for benevolent purposes, to aid the family in burying the dead, to maintain the family during last illness, etc. This amendment was allowed over the objection of the defendant, the objection being: (a) that the scope of the authority and powers of the company was not suffi-

·ciently set forth; (b) that the amendment added a new and distinct cause of action, the original cause of action being upon an ·express contract with the mother of plaintiff's ward, and the amendment setting up an implied contract for money had and received. Prior to the amendment the defendant had interposed a demurrer, which the defendant insisted on, alleging that the petition as amended should be dismissed for the reasons set forth in the demurrer. The grounds of this demurrer were: (a) no cause of action is set forth; (b) only an administrator of Mary Crumley has a right to bring suit; (c) no right of action in the guardian is shown by the allegations of the petition; (d) no copy of the by-laws is attached to the petition; (e) no copy of the charter is attached to the petition; (f) the contract sued on is one of insurance and is not in writing. The court overruled the demurrer, and the defendant excepted, assigning error both upon the allowance of the amendment and the overruling of the demurrer.

1. The petition sufficiently sets forth that the defendant is a benefit society. The scheme of the society fully appears. The plan was that the members were to pay in a certain assessment upon the death of a member in good standing, which was to go to the nearest relative, to be applied to the payment of burial expenses, expenses of last sickness, etc. Under these conditions the nearest relative is the beneficiary of the fund raised by the assessment of the members upon the death of any member in good standing, and the right of action is in such relative. 2 Bacon's Benefit Soc. (3d ed.) §396. While the general rule is that a party can not bring suit upon a contract unless there is a privity existing between the plaintiff and the defendant, it seems now to be settled that in contracts made by insurance companies and benefit societies, there is such a privity between the society and the beneficiary designated in the ·certificate, if one was issued, or in the by-laws if no certificate was issued, as would authorize such beneficiary to bring suit in his ·own name.

2. The contract between Mary Crumley and the organization of which she was a member seems, under the allegations of the petition, to rest in the charter and by-laws of the company. Her rights, or the rights of any one claiming under her, are fixed by her being received as a member, and by her maintaining her good standing in the order. The allegations of the petition are suffi-

cient as to alleging that Mary Crumley was received as a member
of the order, and that she was in good standing at the time of her
death; and the mere fact that it is not alleged that a certificate of
membership was issued to her does not prevent the contract re-
sulting from her relation to the society from becoming operative
and binding between her and the society, during her lifetime, for
her benefit, and for the benefit of the beneficiary provided by the
by-laws of the society in the event of her death. A certificate is
not indispensable to the completion of a contract between a mem-
ber and a benefit society; and in determining whether or not the
contract with the benefit society is complete without the issuance
of the certificate, the laws of the society must be also regarded.
"The question is one of construction, and the courts will save the
contract whenever possible, even though a certificate be not issued."
1 Bacon's Benefit Soc. (3d ed.) §273a. The issuing of a certifi-
cate is not a condition precedent to the right of a beneficiary to re-
ceive the fund raised by an assessment under the rules of the asso-
ciation, unless the rules of the association expressly provide that
the issuance of such certificate shall be indispensable. "We can
not think that it was the intention of the defendant, in making
up its constitution, its general laws and its by-laws, to make the
issuing of such certificate a condition precedent to its liability to
pay this amount to the families, etc., of deceased members who at
the time of their decease were in good standing, and who had paid
all the assessments, and fully complied with all the rules and regu-
lations of the defendant up to that time. The neglect of the com-
pany might thus result in a forfeiture of the fund." 1 Bacon's
Benefit Soc. (3d ed.) §242. We think, as against the general de-
murrer, the petition sufficiently set forth the contract between the
member and the benefit society, resulting from the operation of the
rules and by-laws of the society under which the plaintiff was a
beneficiary; and she had a right of action in her own name upon
such contract. See, also, in this connection, the opinion of Justice
Little in the case of *Barbot* v. *Mutual Association,* 100 *Ga.* 694.

3. By special demurrer an objection is raised to the plaintiff's
petition upon the ground that the plaintiff did not set forth a copy
of that part of the charter and by-laws relied upon by the plaintiff to
constitute the contract which is insisted upon as a basis for a recov-
ery. While the rule has been laid down in *Mercier* v. *Copelan,* 73

• *Ga.* 636, *Gibson* v. *Robinson,* 90 *Ga.* 756, and *Penn Tobacco Co.* v. *Leman,* 109 *Ga.* 428, that it is not necessary to set forth an exact copy of the writing relied on, where its contents substantially appear in the petition, still the present case is not controlled by the rulings made in these cases, because here there is no effort made to state the substance of the charter and by-laws, but that which is stated is merely a conclusion from the by-laws. The allegations of the petition, taken alone, amount only to the plaintiff's construction of the charter and by-laws. It may be that when the writing, or its substance, is set forth, the court may construe it differently, so that it may then appear that there is no cause of action. Why make the defendant answer before the plaintiff has fully and distinctly set forth his cause of action? If a full statement of the plaintiff's case would show no cause of action, it is the defendant's right to dispose of it on demurrer, without being put to the expense or inconvenience of answer or trial on the merits. The defendant is seeking to avail itself of such a privilege by its special demurrer calling upon the plaintiff to set forth in the declaration a copy of the charter and by-law provisions relied upon. It is not sufficient reply that the defendant knows its own charter and by-laws. Such knowledge of the defendant would not enable the court to deal with the point on demurrer.

Nor is it sufficient excuse, for failure to set forth the material portions of the writings, to allege that "the plaintiff has not a copy of the charter and by-laws, but has served defendant with notice to produce the same." While it has been generally stated that such an averment is sufficient (8 Enc. Pl. & Pr. 739), still, in our opinion, it falls short of what is required by good pleading. The allegation indicates a tendency in the right direction, but does not avoid the necessity of attaching the copies or setting forth their substance. The case as pleaded being good as against general demurrer, it may be that the notice to produce will bring forth fruit in the shape of the needful copies, which may serve the plaintiff in good time, to be set forth in the pleadings in avoidance of the special demurrer, thereby enabling the court to deal with the point on demurrer. Or it may be that the plaintiff will obtain copies elsewhere. At any rate, if within attainment of the court by proper diligence of the plaintiff, it is the duty of the court to require the plaintiff to plead them. There is no allegation by the

plaintiff that diligence upon his part to obtain them would be unavailing. The "uniform procedure act" of 1887 (Acts of 1887, p. 64), provides as follows: "§ 3. Be it further enacted, that whenever, by existing law, copies of contracts or other instruments of writing, records, exhibits and abstracts of writing, should be incorporated in or attached to the pleadings of the parties, the same rule must be followed in pleadings referred to in this act." At the time of the passage of this act we had no statute requiring that copies of writings which were the foundations of actions should be attached to pleadings. However, provision was made for such attachment of copies, by rules of court. Code of 1882, p. 1346, rule 12; p. 1354, rule 4. The case of *Mercier* v. *Copelan*, 73 *Ga.* 636, had been decided previous to that act, and it was ruled in that case that "a letter of credit under which drafts were drawn being set forth according to its effect in the declaration, it was not necessary to attach a copy thereof." We may treat that decision and the rules of the court as an announcement of the law as to whether it was necessary, prior to the passage of the "uniform procedure act," to set forth copies of such writings. Section 4963 of the Civil Code purports to codify the provisions of the "uniform procedure act" above referred to. This section is as follows: "Copies of contracts, obligations to pay, or other writings should be incorporated in or attached to the petition in all cases in which they constitute the cause of action, or the relief prayed for must be based thereon. In suits to recover money on an insurance policy it shall not be necessary to attach a copy of what may be written or printed upon the policy, except what appears upon the face or in the body of the policy. In suits on account a bill of particulars should be attached. In actions for the recovery of land the plaintiff must attach an abstract of his title." It will be observed, however, that the language of the code is broader than the act, and contains matter not expressed in the act. After the adoption of the "uniform procedure act," this court, in the case of *Gibson* v. *Robinson*, 90 *Ga.* 756, ruled: "Where, in an action upon an administrator's bond, the contents of the bond and a breach thereof are substantially set forth in the declaration, it was not necessary to attach to the declaration a copy of the bond itself." Again, in the case of *Penn Tobacco Co.* v. *Leman*, 109 *Ga.* 428, which was decided after the adoption of the Code

of 1895, it was ruled: "When the terms . . of a contract are in writing and are set forth in the petition, as well as the material portions of the order the payment of which is guaranteed, it is not necessary to attach as exhibits to the petition either the contract or the order for the goods." So, it is seen, that both before and after the passage of the procedure act, and both before and after the adoption of the code, it has been uniformly held that where the substance of the writing which is the foundation of the action is set forth, it is not necessary to set forth a copy of the writing itself. These decisions are controlling upon us, to the extent to which they go. It will be observed, however, that in all of the cases the substance of the writing was stated as a matter of fact, and in none of the cases did the court have under consideration the mere construction of the writing as placed thereon by the pleader. As has already been stated in a previous part of this opinion, there may be a very material difference between the construction which the pleader would put upon the writing and that which the court would make. In the absence of a statement of the substance of that part of the character and by-laws relied on, we think the court should have sustained the special demurrer.

4. The demurrer raises the point that the suit should have been brought by an administrator upon the estate of Mary Crumley, and not by the guardian of the minor beneficiary. Under the contract as it appears from the pleadings, it will be seen, from what has already been said, that, as against a demurrer, the beneficiary would have a right of action. This being true, the suit should be brought by her guardian.

5. While the law of this State requires a contract of insurance to be in writing, and hence such contracts are brought within the operation of the rule laid down in the statute of frauds, it is not necessary to allege, in a suit on such a contract, that it is in writing. As against a demurrer, there will be a presumption that the contract is in writing, as the law requires it to be. *Allen* v. *Powell,* 125 *Ga.* 438. Besides, the contract of insurance is alleged to be contained in the by-laws of the association, a copy of which the plaintiff alleged she did not have, but had served notice upon the defendant to produce; which implies that the contract was in writing.

6. The amendment did not add a new cause of action. The

cause of action set forth in the original petition was a right to recover upon the contract as evidenced by the rules and by-laws of the association. The cause of action thus set forth was not in any way departed from in the amendment. The scope of the powers of the corporation were sufficiently set forth to show prima facie a right in the plaintiff to recover. The amendment was properly allowed, the general demurrer was properly overruled, and the grounds set up in the special demurrer, except as expressed in the 3d division of this opinion, were without merit.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*