TRAIN *et al. v.* EMERSON.

ATKINSON, J. 1. As a general rule, separate counts in a petition are to be treated as if they set out separate causes of action. Allegations from one count can not be imported into another, either for the purpose of sustaining or destroying it, unless the pleading, though in form containing two counts, in substance and in fact contains but one.

2. Where a petition contains two counts, one setting forth a cause of action against the indorser upon a promissory note, and another setting forth a cause of action against him based upon an alleged arbitration and award, if one of such counts is insufficient it will not work a dismissal of the entire petition on general demurrer.

3. In the case now under consideration, the first count in the petition was in favor of three persons, alleging themselves to be sureties on a promissory note, against a fourth person, who was alleged also to be a surety. It was also alleged, that the maker was unable to pay the note, and the plaintiffs paid the amount due on the face of the note and took it up; that the maker was and is insolvent; that at the time the note became due they called on the cosurety to pay his pro rata share, which he failed and refused to do; and that the defendant was indebted to the plaintiffs to the extent of one fourth of the amount so paid, with interest. This count was not subject to general demurrer.

4. The second count was based upon an award. The submission and award which were set out showed an agreement that such award should be returned to the superior court and made the judgment thereof, as provided by the statute. It did not disclose whether this had been done, or, if not, why not, or any reason why it was sought to enforce it as a common-law award rather than in the statutory manner. It is not competent to enforce an award both as a statutory and a common-law award. This count was accordingly defective. But although the second count was demurrable as it stood, it was error to dismiss the petition as a whole.

5. The plea set up that the parties had made the same submission to arbitration, and the arbitrators had made the same award, which the plaintiffs had set out in the second count of their petition, and pleaded that this was an adjudication of the cause of action between the parties. The award could not have been treated as an adjudication binding on one party and not on the other. If it were a final adjudication under the statutory provisions, it should be enforceable in favor of the plaintiff as such. If it were a good common-law award, it would be binding as such on both parties, and suit could be predicated thereon by the plaintiff. The defendant attacks the count of the plaintiffs' petition which is based on such an award, and at the same time pleads the same award as an adjudication. The plea is defective for the same reason that the count of the plaintiffs' petition is so. Having shown that the submission contemplated proceedings under the statute, and having failed to show either that there were such proceedings as authorized the pleading of the award as a final judgment or adjudication in accordance with the statutory procedure, or that there were not such proceedings under the statute, and that the award could be treated as a good common-law award, the plea was demurrable.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*
MARCH 2, 1912.

Complaint. Before Judge Charlton. Chatham superior court. January 23, 1911. (See 134 *Ga.* 589.)

*O'Byrne, Hartridge & Wright,* for plaintiffs.

*F. P. McIntire,* for defendant.