Leo E. Rossman, Cleveland, for plaintiff-appellee.

W. M. & H. E. King, Cleveland, for defendant-appellant.

LEMERT, PJ, MONTGOMERY and SHERICK, JJ, (5th Dist) sitting by designation.

## OPINION

By SHERICK, J.

Joe Brzin, during his lifetime, was the holder of a benefit certificate in the defendant association. The beneficiaries named therein are his brother and sister, Frank and Mary Brzin, who were to "share and share alike". After the issuance of the certificate of insurance, the insured married Mildred Brzin. The beneficiaries named in the certificate were never changed. On June 6, 1935, the insured was killed in the course of his employment.

Thereupon the agent of the association procured Frank and Mary Brzin to execute an assignment of their interest in the benefit certificate to their sister-in-law, the widow of the decedent. The assignment recites that they are the beneficiaries named in the certificate and they voluntarily waive all their rights therein to Mildred Brzin, the deceased brother's widow. Thereafter the association issued its check in the sum of $1500.00, payable to Frank and Mary Brzin who endorsed it "pay to the order of Mildred Brzin."

The facts further disclose, that, at the time of the execution and delivery of the assignment and endorsement, and prior thereto, to-wit, since September 24, 1932, Louisa Champa was the duly appointed, acting and qualified guardian of the person and estate of Frank and Mary Brzin, then minors.

## CHAMPA v NEW YORK CENTRAL MUTUAL RELIEF ASSN

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15,668. Decided Dec 21, 1936

Upon trial, in the opening statement of counsel, the guardian's claim was reduced to the sum of $750.00 for the reason that it was admitted that the beneficiary, Frank Brzin, was of legal age when the assignment and endorsement were executed. The remaining beneficiary, Mary Brzin, is now of the age of eighteen years.

Two further conceded facts are urged upon us by the appellant. First, is that, the appellee's ward, Mary Brzin, has never disaffirmed nor repudiated the settlement. Second, that at the time of settlement, Mary Brzin received the sum of $100.00 from Mildred Brzin, which amount is not deducted from the ward's claim nor now offered to be returned to the association.

Upon trial in the municipal court it was determined that the Guardian was entitled to recover the full sum of $750.00. From this judgment the association appeals. It is advanced by it, that if upon maturity Mary Brzin should repudiate her action, that the Association must again pay this claim, but not until then. That disaffirmance of an act by a minor is a personal right exercisable by her alone; but by this action the guardian attempts a disaffirmance of the settlement without her sanction, and that if the guardian is now permitted to recover, that the judgment will not be a bar to a subsequent suit by the ward upon her disaffirmance when she arrives at majority and hence the association will be called upon thrice to pay the claim. It is said that infancy is now being used as a sword and not a shield.

On the other hand, the guardian takes the position that had the association exercised care by interrogation of the beneficiaries and search of the probate records, it would have been advised that the beneficiaries were minors, whose person and estate were then under guardianship; that as guardian, she was entitled to possession of her ward's personal estate and to settle and adjust any claims due her ward, and that she, as Guardian, by virtue of §11247 GC, alone was empowered to bring an action for the ward's benefit; that payment of the obligation to another through the medium of the ward's assignment and endorsement, cannot discharge the obligation of the association due to her guardian of her ward's estate. In other words, settlement was attempted to be made with the wrong party by which the guardian is not bound.

Before proceeding to a determination of the problem confronting us, we conclude that §9392-1 GC can in no way aid the appellant. This section creates an exception to the rule that minor's contracts are voidable upon disaffirmance at maturity by the minor. This section prescribes that minors between the ages of fifteen and twenty-one, may do certain things with respect to contracts of life insurance issued upon their lives. It does not, however, provide that a minor as beneficiary in a policy issued upon the life of another may contract with respect to the benefits thereof. The section may not be enlarged by judicial legislation.

When it is remembered that the appellant concedes that it probably will have to again pay the half of the benefits stipulated in the insurance certificate to Mary Brzin and that the settlement as made was not for or to her benefit but rather to the benefit of her sister-in-law, and that the insurance is now due her; it is hard to appreciate why payment thereof should be postponed until she arrives at legal age. We are unconvinced that in this instance infancy is being employed as a sword and not a shield. It rather seems to this court that infancy is being used to delay payment to the one now rightfully entitled to receive payment. If we were to exaggerate the facts by assumption, it may be reasoned that a debtor might settle a just claim by payment of a pittance to a minor of tender years and successfully plead the same for delay of payment for many years. It is our judgment that the rule of disaffirmance by an infant of his contracts made during minority had its origin in the thought of protection of the one of immature understanding and not for the benefit of him who thoughtlessly or purposely contracted with an infant.

It is the theory of the law of this state that guardians of the estate of a minor ward are appointed for the specific purpose of securing, preserving and accounting for the funds of the ward. To that end bonds are executed for the faithful performance of those obligations. In the cause before us, the appellee was the then duly appointed, acting and qualified guardian, which might have been ascertained by inquiry or examination of the public record. The fact now is, the appellant would now plead its own carelessness and neglect as a bar to the present suit.

We perceive no sound reason why a guardian should not promptly disaffirm a ward's disadvantageous contract or settlement. Such an action seems the very essence and sprit of the reason for the ap-

pointment of guardians. If the guardian should delay, the ward's debtor might become financially irresponsible or die and his estate be fully settled, or evidence of the ward's lawful claim be lost during the years. We appreciate the force of the general rule that disaffirmance of a minor's act is a personal privilege, but that statement was not intended as a statute of limitations as against the accrual of an action for debt, or a disadvantageous contract or settlement. If such were not true, the rule insisted for would in fact repeal and nullify the statutes relating to guardianship.

The appellant relies upon three authorities to sustain its position. The first of which is Clapp v Houdlet, 13 Mass. 237, decided in 1816. It is said:

"But it has been further argued that these sales, if voidable, may be voided by the plaintiff, Clapp, by virtue of his authority as guardian of the minor. No case has been cited in support of this position, and we know of no position of law by which it can be maintained. **The authority and interest of a guardian extends only to such things as may be for the benefit and advantage of the ward.** If an infant makes a contract from which he derives a benefit it cannot be avoided by his guardian, for this being injurious to the infant would be a violation of the guardian's duty."

As we read this case, we are unable to perceive in what respect it sustains the appellants point. To our notion it holds adversely thereto. We are also directed to a case from the same state, decided almost a century later, Benson v Tucker, N E 589. In this case the court found as a matter of law and of fact that the infant derived no benefit from contracts entered into by his agent. The court held in the second branch of the syllabus:

"Notice of disaffirmance of the appointment by an infant of agents to buy or sell for him, given in his behalf by his guardian, though delayed till all the transactions between the parties were adjusted, was a sufficient recission."

This holding to our notion likewise is at odds to the appellant's claim. Downs v Manufacturers Life Ins Company, 18 Alberta L. R. 217, is also relied upon. But when the case is examined it appears that the guardian was denied recovery, because a special statute of that province prescribed that insurance due a minor as beneficiary should be paid to a trustee and not the guardian.

The court followed the general rule of statutory construction well recognized in this jurisdiction, that special acts pertaining to a given situation must and do control over general acts intended to cover a general cause of conduct.

Two Georgia cases are of interest. Social Benefit Society v Holmes, 127 Ga. 586, and Gonakey v General Accident, Fire & Life Assur. Co., 6 Ga. App. 381, 65 S. E. 53, are persuasive. It is held in substance in the first case that where a minor has a right of action against a benefit society, the suit may and should be brought by the guardian. In the second case suit was instituted by the minor's next friend to recover an insurance benefit, which the minor had setled for a small sum. It was held:

"An infant beneficiary who has settled with the insurer in full for less than the face value of the policy may avoid his contract during his minority and sue by his guardian or next friend for the full amount payable under the policy and recover the same even though unable to make restitution."

It is the judgment of this court that the appellee, guardian, has capacity to disaffirm her ward's settlement and maintain this action. That such is as effectual as if the minor had made a formal disaffirmance upon maturity. We are unable to follow the appellant's thought that if this judgment is affirmed that such is not a bar to a suit by the minor upon disaffirmance at maturity. If it be now disaffirmed by the guardian for his ward and the profit thereby now goes to augment and benefit the ward's estate, surely the ward at maturity may not be heard to claim that which he has once received, by virtue of a legally recognized repudiation for his benefit. The judgment is affirmed.

LEMERT, PJ, and MONTGOMERY, J, concur.