GAITHER *v.* GAITHER.

No. 17030. APRIL 11, 1950.

■

*A. C. Latimer* and *Edward L. Savell*, for plaintiff in error.
*Winfield P. Jones* and *F. L. Breen*, contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ The husband made a motion in the Supreme Court to dismiss the writ of error on the grounds: (1) the assignment of error in the bill of exceptions upon the judgment of the trial court, sustaining the plaintiff's demurrers to and striking the defendant's amended answer and cross-action, being one on an interlocutory order, and neither the bill of exceptions nor the record showing that said antecedent ruling necessarily controlled the final judgment, cannot in itself nor under said general exception to the final judgment as contrary to law be considered by this court; (2) it appearing from the record that the trial judge, sitting without a jury, passed upon all questions of law and fact, and that there was no brief of evidence incorporated in or attached as an approved exhibit thereto nor sent up as part of the record, the exception to the final judgment as being contrary to law, but without specifically stating any ground of error, is too general, uncertain, and indefinite to be considered by this court; (3) it appearing from the bill of exceptions that, although various defendants were affected by the final judgment, only the plaintiff was made a defendant in error, the bill of exceptions is fatally defective for want of necessary parties defendant in error.

The Code, § 6-1307, declares: "The Supreme Court, or the Court of Appeals shall not dismiss any case for any want of technical conformity to the statutes or rules regulating the practice in carrying cases to said courts, where there is enough in the bill of exceptions or transcript of the record presented, or both together, to enable the court to ascertain substantially the real questions in the case which the parties seek to have decided therein." This court has held that a final judgment is

reviewable by general exception in so far as it is affected by antecedent rulings which are properly excepted to in the same writ of error. *Lyndon* v. *Georgia Railway & Electric Co.*, 129 *Ga.* 353 (3) (58 S. E. 1047); *Rabhan* v. *Rabhan*, 185 *Ga.* 355 (1) (195 S. E. 193); *Cheatham* v. *Palmer*, 191 *Ga.* 617 (1b) (13 S. E. 2d, 674); *Georgia Veneer &c. Co.* v. *Florida National Bank*, 198 *Ga.* 591 (32 S. E. 2d, 465). After a discussion of the above rule in *Carpenter* v. *State*, 194 *Ga.* 395, 400 (21 S. E. 2d, 643), it was said: "The true rule is, that, although the final judgment is excepted to on the general ground that it is contrary to law, if an examination of the record discloses that antecedent rulings duly excepted to in the bill of exceptions entered into and affected the final judgment, the bill of exceptions is sufficient to present to this court for decision the antecedent rulings excepted to and the final judgment in so far as it is affected by such antecedent rulings."

The present bill of exceptions, which was tendered to the trial judge on December 30, 1949, states that the court entered a judgment on December 12, 1949, sustaining stated demurrers to the wife's amendment, and striking her amendment and cross-action, to which ruling she excepted on the general ground that it was contrary to law. On the next day, the trial judge passed a final order granting an injunction against the various defendants and terminating the litigation without giving the wife an opportunity to amend and be heard on the merits of her cross-petition, to which ruling she excepted on the general ground that it was contrary to law. The bill of exceptions also contains the statement that the rulings complained of are contrary to law, in that the amendment and cross-petition set forth a valid cause of action against the husband; and that the ruling striking the amendment and cross-petition deprived the wife from asserting a valid right against the husband, who is a nonresident of this State; and that, unless the merits of her cross-petition are heard, she will have no adequate remedy.

An examination of the present record discloses that the antecedent ruling striking the wife's amended answer in the nature of a cross-petition, which ruling was duly excepted to in the bill of exceptions, entered into and affected the final judgment. Applying the above principles, the bill of exceptions is sufficient to

present to this court for decision the antecedent ruling excepted to and the final judgment in so far as it is affected by such antecedent ruling.

(a) In *Ruffin* v. *Paris*, 75 *Ga.* 653 (1), it was held: "Where the judgment of the superior court was adverse to the defendants, one of them could except and bring the case to this court without joining the other plaintiffs in error; and a failure to do so will not work a dismissal of the writ of error." See *Jones* v. *Hurst*, 91 *Ga.* 338 (1) (17 S. E. 635); *Turner* v. *Newell*, 129 *Ga.* 89 (1) (58 S. E. 657); *Durrence* v. *Cowart*, 160 *Ga.* 671 (2) (129 S. E. 26).

Furthermore, the Code, § 6-1202, provides that no party shall be considered as interested in the litigation in the reviewing court who will not be affected by the judgment to be rendered in that particular case. The record shows that the defendants mentioned in the bill of exceptions, but not made defendants in error, were the Sheriff of Fulton County and the Sheriff of DeKalb County. These defendants filed no pleadings, and under the facts of the instant case could not be affected in any way by the judgment to be rendered upon the wife's cross-petition.

(b) Accordingly, there is no merit in the motion to dismiss the bill of exceptions.

The wife's amended answer in the nature of a cross-petition seeks in two counts to set up an alleged agreement for the payment of alimony for minor children, the only difference between the counts being that in count one the agreement is alleged to be oral, while in count two it is alleged to be in writing.

To the allegation in the cross-petition that the husband is a non-resident of Georgia, and a resident of Ohio, the husband demurred on the ground that the allegation is immaterial, irrelevant, and incompetent to bind the husband. Code § 37-105 declares: "Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose." As a general rule, the courts of this State have no extraterritorial jurisdiction, and cannot make citizens of other States amenable to their process, or conclude them by a judg-

ment in personam; but where, as here, a non-resident husband voluntarily institutes a suit in this State seeking to set aside a consent judgment for alimony, he submits himself, for all purposes of that suit, to the jurisdiction of the courts of the county in which the suit is pending. *Crawley* v. *Barge*, 132 *Ga.* 96 (63 S. E. 819); *Gordy* v. *Levison & Co.*, 157 *Ga.* 670 (1, 2) (122 S. E. 234); *Anderson* v. *Black*, 191 *Ga.* 627 (13 S. E. 2d, 650); *Harrison* v. *Lovett*, 198 *Ga.* 466, 469 (1) (31 S. E. 2d, 799). In the original petition, the husband alleged that he removed to Ohio after the consent judgment for alimony was rendered, and that he now resides in that State. In the circumstances of this case, the allegation in the cross-petition that the husband was a non-resident was material and relevant.

To the allegation, "by reason of the facts set forth, unless this cross-action is allowed, the defendant will be irreparably injured," the husband demurred upon the grounds: (1) that the allegations state conclusions of the pleader without any facts to substantiate the same; (2) that the issues in the case having been previously determined by the decision of the Supreme Court, the allegations are immaterial and irrelevant. The decision referred to (*Gaither* v. *Gaither*, 205 *Ga.* 572) merely held that the husband's petition, as against general demurrer, set forth a cause of action to set aside the consent judgment, but did not hold that the wife could not sue on the contract upon which the consent judgment was based. The allegation that the husband was a non-resident was sufficient to substantiate the averment that, unless the cross-petition was allowed, the wife would be irreparably injured.

To the allegations of count one and count two, the husband demurred generally on the ground that the cross-petition sought to introduce new and distinct matters, and to secure relief not germane to the husband's original action. "A decree rendered in accordance with a consent verdict, though it may not be valid as a judgment of the court, will, in the absence of fraud, accident, or mistake, be operative as an agreement binding upon all the parties thereto." *Driver* v. *Wood*, 114 *Ga.* 296 (40 S. E. 257); *Wilbanks* v. *Wilbanks*, 159 *Ga.* 196 (2) (125 S. E. 202). In other words, the void consent judgment, which the husband is seeking to set aside, merely purported to restate the agree-

ment between the parties, and when the legal cloak of the judgment was removed, there still remained an alleged agreement to pay alimony. The cross-petition seeking to set up the agreement under which the void judgment was based was germane to the original cause of action, for the reason that it involved the same parties, the same contract to pay alimony, the same obligation to support minor children, and the same controversy. See, in this connection, *Ray* v. *Home &c. Investment Co.,* 106 *Ga.* 492 (3) (32 S. E. 603); *Byrd* v. *Equitable Life Assurance Society,* 185 *Ga.* 628, 636 (3) (196 S. E. 63).

Count one of the cross-petition was not subject to demurrer on the ground that the alleged oral agreement, upon which the judgment was based, was made on December 31, 1929, and that, under Code § 3-706, the wife's cause of action thereon was barred by the statute of limitations, it appearing from the allegations of the wife's answer that the husband moved to Ohio immediately after the consent judgment for alimony was rendered, which prevented her from collecting thereon. Code, § 3-805; *Payne* v. *Bowdrie,* 110 *Ga.* 549 (5) (36 S. E. 89).

The husband demurred generally to counts one and two of the cross-petition on the grounds: (1) that said counts failed to disclose the items of the alleged account, or how the amount named therein of $7940 principal and $4669.30 interest thereon is determined; (2) that the counts contain no prayer for judgment and are incomplete and unenforceable. The cross-petition, seeking to obtain a judgment on the agreement to pay alimony, was not a suit on account and, hence, there was nothing to itemize other than that a total amount had accrued under the agreement and that the same had not been paid. Counts one and two are divided into separate paragraphs each of which is numbered. Immediately following count two, but in another paragraph, the wife prayed "that she have judgment against the [husband] . . in the sum of $7940, plus interest in the amount of $4669.30, or a total sum of $12,609.30." Each count in a petition must contain a complete cause of action. *Cooper* v. *Portner Brewing Co.,* 112 *Ga.* 894 (3) (38 S. E. 91); *Train* v. *Emerson,* 137 *Ga.* 730 (74 S. E. 241); *Copelan* v. *Monfort,* 153 *Ga.* 558 (5) (113 S. E. 514). But must each count contain a separate prayer? While the courts of this State have

not passed on this specific question, the author in 49 C. J. 162, § 180, after setting forth the general rule that each count must contain a complete cause of action, says "averments which precede the statement of any cause of action, and constitute what is called the commencement of the pleading, are entirely distinct from the various counts and need not appear in each." The same author on p. 177, § 192, said: "A single ad damnum clause or prayer for relief at the end of a count is usually held sufficient for all the counts which precede it, if the language used is broad enough to include them." The prayer in the instant case was appropriate to each count, and counts one and two of the cross-petition were not subject to demurrer on the ground that they do not contain a prayer for judgment.

The husband demurred to count two of the cross-petition on the ground that a copy of the alleged written agreement was not attached thereto. While count two of the cross-petition alleged that a copy of the written contract was attached, when it was not so attached (see *Saliba* v. *Saliba,* 202 *Ga.* 791, 795, 44 S. E. 2d, 744), yet count two, by use of the language "under the terms of the foregoing contract, payments were due as follows: $20 to be paid on the 2d and 17th of every month, commencing with January 2, 1930," set forth the substance of the only written contract relied on, to wit, the consent judgment for alimony, a copy of which was attached as an exhibit to the original petition of the husband, and which provided that the parties and their counsel had agreed to the alimony for the support of the children and that the husband should pay $40 per month, payable $20 on the 2d and 17th of each month. It follows that count two of the cross-petition, having set forth the substance of the only written contract relied on, was not subject to this ground of demurrer. *Social Benevolent Society* v. *Holmes,* 127 *Ga.* 586 (3) (56 S. E. 775) ; *Lynah* v. *Citizens & Southern Bank,* 136 *Ga.* 344 (2) (71 S. E. 469) ; *Board of Commissioners* v. *Mac-Dougald Con. Co.,* 157 *Ga.* 595 (2) (122 S. E. 317) ; *Marion County* v. *McCorkle,* 187 *Ga.* 312 (1) (200 S. E. 285).

Accordingly, the cross-petition of the wife set forth a cause of action for the relief prayed, and the court erred in sustaining the above grounds of demurrer and in striking the cross-petition.

The error in the ruling on demurrer rendered further proceedings nugatory.

*Judgment reversed. All the Justices concur. Duckworth, C. J., concurs in the judgment only. Head, J., concurs specially.*

HEAD, J. (Concurring specially.) I concur in the judgment which holds that the wife's cross-petition sets out a cause of action. I do not construe her action as one containing two separate counts, but as one petition seeking relief on separate theories which are not necessarily inconsistent.