PERDUE *vs.* HARWELL.

1. When a transaction partakes of the nature both of a tort and con-tract, the party complaining may waive the one and rely solely upon the other. Therefore, where a petition in a justice's court alleged that the plaintiff and defendant had exchanged horses;

that at the time of the trade, the latter represented to the former that the mare which he exchanged to the plaintiff was thick of wind from having had the epizootic, when in fact she had been "bellowsed," and her value was thereby diminished the sum of $50; and that the defendant was indebted to the plaintiff that amount for damages sustained in the exchange, while the pleadings were loosely drawn, the action was in substance brought upon the contract and not upon the tort, and the justice's court had jurisdiction thereof.

(a) Although there was no express warranty set up in the declaration, the law compelled the defendant to warrant that he knew of no latent defect undisclosed.

2. Where there is a patent defect of such a nature that the purchaser, by looking at the animal, can tell as well as the seller what the defect is, he cannot recover therefor. But where the purchaser can see only the effect of disease, such as thickness of wind, and is told by the seller that it arises from one disease which is not dangerous, when in fact it arises from a different and incurable disease, and there are no means available, in the ordinary course of business, of ascertaining from which it does arise, this rule does not apply.

3. The verdict was authorized by the evidence.

January 9, 1888.

Actions. Torts. Contracts. Justice courts. Jurisdiction. Warranty. Before Judge BOYNTON. Coweta superior court. March adjourned term, 1887.

Reported in the decision.

J. F. METHVIN, for plaintiff in error.

No appearance *contra.*

SIMMONS, Justice.

It appears from the record that George D. Harwell brought suit in a justice's court in Coweta county for $50, against George W. Perdue. The petition of Harwell filed in the justice's court alleged that Perdue was indebted to him in the sum of $50, for damages sustained by the petitioner in an exchange of horses between him and Perdue. He alleged, in substance, that at the time of the trade be-

tween him and Perdue, Perdue represented that the mare
which he swapped to Harwell, the petitioner, was thick of
wind from having had the epizootic, when in fact said
mare had been "bellowsed," and her value thereby di-
minished the sum of $50.

Upon the trial of the case in the justice's court, the jury
found for the plaintiff, and the defendant sued out his
*certiorari* to the superior court, which was overruled by
the court; whereupon the defendant excepted and brought
the case here for review.    The grounds insisted upon here
are: (1) that the jury found contrary to the evidence;
(2) that the cause of action set out in the petition is not
one arising *ex contractu*, or for an injury done or damages
to personal property, but that it was an action for fraud
and deceit, and the court had no jurisdiction to hear it;
(3) that the verdict was contrary to law, because an ac-
tion will not lie for the recovery of damages resulting from
a defect in an article sold, where the defect is of a charac-
ter which could be easily discovered by the purchaser, and
the purchaser has full notice of the defect before purchas-
ing.

1. The second proposition is the main one insisted on
before us.    It is insisted by counsel that this is an action
for fraud and deceit, and that therefore the justice's court
had no jurisdiction.    Under the facts disclosed by the
record, either one of two actions could have been
brought by the plaintiff.  He could have brought an action
in the superior court for a tort, or he could have brought
an action in a justice's court, or the superior court, on the
contract.   "When a transaction partakes of the nature
both of a tort and contract, the party complaining may
waive the one and rely solely upon the other."   Code,
§2955.   This was a suit in a justice's court, and the dec-
laration filed by the plaintiff in that court is rather loosely
drawn.    It alleges in substance, however, that there was
an exchange of a mule for a mare, and that while the de-
fendant notified the plaintiff that the mare's wind was

Perdue *vs.* Harwell.

injured, he stated that the cause of the injury was "epi-zootic," when in fact the injury to the mare's wind was from the "bellows." The testimony shows that the latter was the cause of the injury, and that an animal affected by the latter disease is incurable and becomes worthless; while one affected by the former disease is curable, and to a great extent retains its value. Although there was no express warranty set up in the declaration, the law compelled the defendant to warrant that he "knew of no latent defect undisclosed." Code, §2650, sub-section 3. The defendant had owned this mare for more than three years, when he traded her to the plaintiff in October, 1885. In a few months after the plaintiff received her, she became almost worthless, and at the trial of this case in the justice's court she was proved to be worthless.

The defendant having told the plaintiff that the cause of the injury to the wind of the mare was the epizootic, and it having turned out that the cause of the injury was a different and more serious disease, and a disease which the testimony showed was incurable, the defendant must have known that the mare had the latter disease, and under the law warranted the mare against that disease. The jury had a right to infer, from the length of time that the defendant had owned the mare, that he must have known that it was the "bellows," and not the epizootic which injured the mare. Another, and perhaps the stronger reason is, that the declaration filed by the plaintiff does not allege fraud or deceit on the part of the defendant. It does not even hint at either in any part of the declaration; showing that the pleader relied upon the contract and not upon the tort. We therefore think that, while the declaration, as said above, is loosely drawn, it was a suit upon the breach of the warranty, and was not a suit for a tort as contended by counsel for the plaintiff in error.

2. It is contended by counsel for the plaintiff in error that, although this may be a suit on a contract and not for a tort, the plaintiff was not entitled to recover, because

this was a patent defect which could easily have been discovered by the purchaser, and that therefore the defendant could not be held liable. This proposition is true where the defect is of such a nature as that the purchaser, by looking at the animal, can tell as well what the defect is as the seller, as for instance if the mare's leg had been broken, or one of her eyes had been knocked out. Of course, in such a case the purchaser could not hold the seller liable for the defect. But where the purchaser can only see the effect of a disease, such as thick wind, and is told by the seller that it arises from one disease, which is not dangerous, when in fact it arises from a different and more serious or incurable disease, and there is no means available in the ordinary course of business of ascertaining from which disease it does arise, we think that the rule of law claimed by counsel for the plaintiff in error does not apply. If a man sell another a horse, and at the time of the sale the horse is running at the nose, and the buyer inquires the cause of it, and is informed by the seller that it is from distemper, and after the horse is purchased it turns out that instead of being caused by distemper it is caused by glanders, a deadly disease, the effect of both diseases being to cause matter to run from the nose, could it be said that there was such a patent defect as that the seller could not be held liable in case the horse died or proved worthless? We think not.

3. For these reasons, and for the additional reason that the evidence authorized the finding of the jury, we affirm the judgment of the court below.

Judgment affirmed.