3987.   SOUTHERN EXPRESS COMPANY *v.* COWAN.

RUSSELL, J. 1. Where the plaintiff's cause of action can, in strictness, adversely to the pleader, be construed as one founded and dependent upon a contract alleged in the petition to have been made between the parties, the defendant is entitled, as a matter of right (in order to properly prepare his defense), to be informed as to the terms and conditions of the alleged contract. And this is true notwithstanding that the indebtedness is upon an open account made in pursuance of the contract, and a bill of particulars is attached. This right is especially important if the contract rests in parol.

2. Since a corporation acts only through agents, and is not originally bound by a contract unless the agent purporting to make it was in fact authorized to make the particular contract, the defendant corporation was entitled to know which one of its agents made the alleged contract in its behalf, and at what time the contract was made, and the extent of its duration, the price stipulated to be paid for the services which the plaintiff alleges he undertook to perform, and when payments were to be made. It was therefore error to overrule a timely special demurrer which properly required the plaintiff to set out the terms of the contract. The plaintiff should have amended, to meet the objection raised by the demurrer; and, upon refusal or failure of the plaintiff so to amend, the general demurrer should have been sustained and the petition dismissed.

3. A consideration of the other assignments of error is useless, because the error of the court in refusing to sustain the demurrer was such that the subsequent proceedings in the trial were nugatory.

                                                    *Judgment reversed.*
DECIDED FEBRUARY 18, 1913.

Complaint; from city court of Ashburn—Judge Tipton. October 18, 1911.

The petition alleged: (1) The Southern Express Company is a corporation having an office and an agent in said county. (2) The Southern Express Company is indebted to your petitioner in the balance of $120.60 on an open account, a copy of which is hereto attached and made a part hereof, for hauling done under a contract made in said county between petitioner and the said defendant; the said contract having been made to be performed in said county. (3) Said account is past due and unpaid, and the defendant refuses to pay the same. (4) Petitioner has performed his part of said contract. These allegations were followed by a prayer for process. The account attached to the petition consisted of items of drayage on various dates, items of cash charged and cash credited, and of discounts. The defendant demurred to the petition generally and also on special grounds, one of which was that the terms of the contract referred to were not set out, and that it was not stated whether the contract was written or verbal. The demurrer was overruled, after certain items of the account had been made more specific by amendment as to the number of loads hauled. A trial and a verdict for the plaintiff followed; and the case came to this court on exceptions to the overruling of the defendant's motion for a new trial, as well as to the ruling on the demurrer.

*J. B. Hutcheson,* for plaintiff in error. *J. A. Comer,* contra.