### 5825.  MULLIN *v.* CITY OF SAINT MARYS.

WADE, J.   1. The charter of the city of St. Marys (Georgia Laws 1910, p. 1086) expressly authorizes the city to sell or lease "any estate or estates, real or personal, lands, tenements, and hereditaments of all kinds whatsoever, within or without the limits of said city, for corporate purposes," and provides that the city council "shall have special powers in such capacity to make all contracts which said council may deem necessary for the welfare of said city or its citizens," etc.   The petition does not disclose that the contract alleged as the basis of the present action by the city was unauthorized.

2. The petition alleges that the defendant is indebted to the city in a stated sum, besides interest "since the 11th day of January, 1912," and that "said indebtedness accrues to said city, by reason of the purchase by the said defendant of the city's turpentine privilege for the year 1912, in the timber of said city on what is known as the city commons; said defendant contracting and agreeing to pay said sum at said time, and causing said transaction to be entered of record in the minutes of the board of aldermen of said city."   *Held,* that the court erred in not sustaining the special ground of the demurrer that the petition does not set out the terms of the contract, so as to put the defendant upon notice of what he is called upon to defend.   Civil Code, § 5541; *Southern Express Co.* v. *Cowan,* 12 *Ga. App.* 318 (73 S. E. 208).

3. There was no error in overruling the other grounds of the demurrer.

*Judgment reversed.*

DECIDED JUNE 25, 1915.

Complaint; from city court of Saint Marys—Judge McElreath. May 13, 1914.

*A. D. Gale,* for plaintiff.   *S. C. Townsend,* for defendant.