12402. LIPSCOMB *v.* WATKINS.

JENKINS, J. 1. " A tort is a legal wrong committed upon the person or property, independent of contract." Civil Code (1910), § 4403. It may, however, arise from " the violation of some private obligation, by which like damage accrues to the individual." Civil Code (1910), § 4403 (3). Thus, while an action should sound in contract whenever the act complained of consists in the violation of some specific duty expressly provided for by the contract itself (*Howard* v. *Central of Georgia Ry. Co.*, 9 *Ga. App.* 617, 619, 71 S. E. 1017), yet where the wrong consists of the violation of some duty merely incident to or arising out of a contract, the complainant is entitled to elect as to his remedy and so either rely upon his rights under the contract or proceed for damages as in cases of tort. *City & Suburban Ry.* v. *Brauss*, 70 *Ga.* 368, 376; *Owens* v.

*Nichols,* 139 *Ga.* 475 (77 S. E. 635); *Wolff* v. *Southern Ry. Co.,* 130 *Ga.* 251, 256 (60 S. E. 569); *Fain* v. *Wilkerson,* 22 *Ga. App.* 193 (95 S. E. 752). When the action is on the contract the damages must necessarily be confined to such as were in legal contemplation within the minds of the contracting parties; whereas, in a suit in tort the injured party is limited only by the rule which requires that the damages must have followed directly and as the natural consequence of the act complained of. *Carr* v. *Southern Ry. Co.,* 12 *Ga. App.* 830 (79 S. E. 41).

2. In the instant case the suit as originally brought was defective in that it partook both of the nature of an action in tort and an action on contract, or was at least ambiguous in this respect. The wrong complained of was the alleged forcible and wrongful dispossession by the defendant of the plaintiff and the plaintiff's household effects from the alleged rented premises. Upon the hearing of the defendant's demurrer it was sustained " in so far as damages are alleged in the petition in said cause as being for a breach of contract, and also in so far as relates to allegations as to all other matters and facts in said petition, except those facts showing a tort for eviction," the plaintiff, under the order of the court, being given the right to amend " so as to eliminate all claims for a breach of contract." *Harris* v. *Cleghorn,* 121 *Ga.* 314 (48 S. E. 959). In response to this order the plaintiff amended her petition in general terms " by electing to proceed on that part of the petition which sets out damages for the illegal eviction of plaintiff from the property of the defendant, and by abandoning that part thereof which undertakes to recover on breach of contract." No exception is preserved to the failure of the court to dismiss the suit on account of the insufficiency of the petition, either as originally brought or as amended, and consequently this objection can not be raised in the motion for a new trial. *Guaranty Mut. Life & Health Ins. Co.* v. *Seals,* 27 *Ga. App.* 378 (108 S. E. 477), and cases there cited. In the absence of any exceptions to the sufficiency of the petition, it must therefore be construed as asking for general damages in the sum of $1,150 on account of all damages resulting from the alleged tortious eviction of the plaintiff during her temporary absence from the alleged rented premises to which it is alleged plaintiff had removed from South Georgia for the purpose of conducting a boarding house. *Stoddard* v. *Campbell,* 27 *Ga. App.* 363 (108 S. E. 311). This being true, there is no applicability of the rule which provides that " Where the petition cannot be construed as asking for general or nominal damages, but is expressly limited to a prayer for special damages only, and these are not recoverable, the suit is not maintainable, and is subject to be dismissed on demurrer." *Truitt* v. *Rust & Shelburne Co.,* 25 *Ga. App.* 62 (2) (102 S. E. 645). This court is unable to say as a matter of law that the verdict, and the amount of the verdict ($250), is absolutely without any evidence to support it.      *Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED FEBRUARY 10, 1922.

Action for damages; from Rabun superior court — Judge J. B. Jones. March 7, 1921.

*Thad. L. Bynum,* for plaintiff in error.

*McMillan & Erwin, R. E. A. Hamby,* contra.