19357.  KREBS CO. *v.* GODFREY MARBLE AND TILE CO.

Decided March 7, 1929.

*Mitchell & Reiniger,* for plaintiff in error.

*Dillon, Calhoun & Dillon, Sidney G. Gilbreath Jr.,* contra.

BROYLES, C. J. 1. "Civil Code § 5541, as to setting out copies of contracts, obligations to pay, or other writings which constitute the cause of action, or the basis of the relief prayed for, applies only where the instrument sued on constitutes the cause of action, or the basis of the relief prayed." *East Atlanta Land Co.* v. *Mower,* 138 *Ga.* 380 (2) (75 S. E. 418). In the instant case a subcontractor brought suit against the contractor upon a written contract between them. While this contract referred to another written contract, between the contractor and the owner of the building to be erected, the contract between the subcontractor and the contractor constituted the plaintiff's cause of action, and this contract was attached to the petition as an exhibit. The contract between the contractor and the owner of the building was not set forth in the petition nor attached as an exhibit thereto. The defendant demurred generally to the petition, and subsequently upon the trial made an oral motion to dismiss the petition upon the ground that the contract between the contractor and the owner of the building was not set forth in the petition nor attached thereto.

The court did not err in overruling the general demurrer or the motion to dismiss the petition. The petition may have been subject to special demurrer but it was not subject to general demurrer. See, in this connection, *Southern Express Co.* v. *Cowan,* 12 *Ga. App.* 318 (77 S. E. 208) ; *Social Benevolent Society* v. *Holmes,* 127 *Ga.* 586 (3) (56 S. E. 775). The case of *Toole* v. *Baer,* 91 *Ga.* 113 (16 S. E. 378), relied on by counsel for the plaintiff in error, is differentiated by its facts from the instant case.

2. The excerpts from the charge of the court, complained of in the motion for a new trial, when considered in the light of the remainder of the charge and the facts of the case, contain no error that requires a new trial.

3. The special ground of the motion for a new trial (ground 4), complaining of the sustaining of an objection to a certain question propounded to a witness by counsel for the plaintiff in error, is not complete and understandable within itself, and raises no question for consideration by this court.

4.  The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed.  Luke and Bloodworth, JJ., concur.*