## 22611. REAL ESTATE LOAN COMPANY v. PUGH.

STEPHENS, J.  1. Where a landlord, without the tenant's consent and before the expiration of the term, enters upon the rented premises without authority of law and forcibly evicts the tenant and rents the premises to another, and in so doing takes possession of the tenant's effects, and in moving them damages them, the landlord thereby commits an inexcusable trespass against the tenant, whereby the tenant's home and abode is broken up and destroyed.  In a suit by the tenant against the landlord to recover damages for such tortious eviction, where the evidence authorizes the jury to infer that the tortious act of the landlord in evicting the tenant was attended with such aggravating circumstances, the jury is authorized to find a sum in punitive damages, or damages for compensation for the wounded feelings of the tenant.  Civil Code (1910), § 4503; *Georgia Railway & Electric Co.* v. *Baker,* 125 *Ga.* 562 (54 S. E. 639, 6 L. R. A. (N. S.) 103, 114 Am. St. R. 246, 5 Ann. Cas. 484); *Savannah Electric Co.* v. *Badenhoop,* 6 *Ga. App.* 371 (65 S. E. 50); *Lipscomb* v. *Watkins,* 28 *Ga. App.* 185 (2) (110 S. E. 502).  The verdict for the plaintiff in the sum of $300 is not excessive as a matter of law.  Nor does it appear that the verdict was the result of prejudice or bias on the part of the jury.

2. The verdict for the plaintiff was authorized.

3. This court is not satisfied that the bill of exceptions was brought for the purpose of delay only.  The motion to assess damages for delay is therefore denied.

*Judgment affirmed.  Sutton, J., concurs.  Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 9, 1933.

*Roy S. Drennan,* for plaintiff in error.
*Paul S. Etheridge & Son, Morgan S. Belser,* contra.