25201.   RED LINE PRODUCTS CO. *v.* J. M. HIGH CO.

DECIDED JUNE 18, 1936.

*Herbert J. Haas, Joseph F. Haas, Bertram S. Boley,* for plaintiff in error.
*Hooper & Hooper, Clifton W. Brannon,* contra.

SUTTON, J.   J. M. High Company brought suit against Red Line Products Company, alleging that "said defendant is indebted to your petitioner in the sum of $1294.99 for merchandise, the receipt of which is evidenced by a credit memorandum receipt is-

sued by the defendant on May 17, 1932, a copy of which is hereto attached and marked Exhibit 'A,' showing the value of said merchandise to be $1574.94, upon which defendant is entitled to a credit in the sum of $279.94, leaving a balance outstanding in said sum of $1294.99, which is due and unpaid, together with interest upon the same from the 17th day of May, 1932, at 7 per cent., all of which amount the defendant has failed and refuses to pay." The exhibit attached to the petition contains this *"Note: This credit memorandum applies to merchandise-exchange contract only—not to be deducted from ten-day remittance."* The defendant specially demurred to the petition, on the grounds that "the circumstances under which said goods were delivered to the defendant and the circumstances under which said credit memorandum was issued to the plaintiff" were not set forth, "that the credit memorandum referred to shows on its face that the effect of said credit memorandum is limited by and must be construed in the light of a merchandise-exchange contract entered into between the parties, which said contract is not attached to the petition," "that said credit memorandum therein referred to shows on its face that the goods alleged to have been delivered to the defendant and for which alleged delivery said credit memorandum was issued, were delivered in accordance with and under the terms of a merchandise-exchange contract, which contract is not attached to the petition." The trial judge overruled said demurrer and defendant excepted pendente lite. The case proceeded to trial and resulted in a verdict for the plaintiff. The defendant moved for a new trial, which was refused, and the defendant excepted.

1. "Copies of contracts, obligations to pay, or other writings, should be incorporated in or attached to the petition in all cases in which they constitute the cause of action, or the relief prayed for must be based thereon. . . In suits on account a bill of particulars should be attached." Code, § 81-105. The first sentence of this section requires that contracts should be attached to the petition, even though the indebtedness is on an open account made in pursuance of the contract, and a bill of particulars is attached. *Southern Express Co.* v. *Cowan,* 12 *Ga. App.* 318 (77 S. E. 208). The failure to attach such contract renders the petition subject to special demurrer; and upon failure of the pleader to amend to meet such objection, the petition may be dismissed.

See *Simpson* v. *Wicker,* 120 *Ga.* 418, 423 (47 S. E. 965, 1 Ann. Cas. 542) ; *Souders* v. *Carolina Portland Cement. Co.,* 3 *Ga. App.* 99, 100 (59 S. E. 467) ; *Mullin* v. *St. Marys,* 16 *Ga. App.* 465 (85 S. E. 683) ; *Southern Mutual Ins. Co.* v. *Turnley,* 100 *Ga.* 296, 300 (27 S. E. 975) ; *Krebs* v. *Godfrey Marble &c. Co.,* 39 *Ga. App.* 494 (147 S. E. 399). This case is not at all like *Ittner* v. *Farmers State Bank,* 15 *Ga. App.* 235 (82 S. E. 909). The suit in that case was not based on the contract or any breach thereof, and the contract was merely evidence of a portion of the indebtedness on open account sued for. As held therein "it is not apparent that the suit was based on a written contract (or that a contract could be connected with it in any other way than in an evidentiary way)." In the case at bar, the attached exhibit, which is relied on as the basis of the suit, expressly states that it is subject to the merchandise-exchange contract between the parties.

2. It follows, that, the petition and the credit memorandum attached thereto in this case showing on their face that the account for merchandise referred to therein is based solely upon the terms of the merchandise-exchange contract, and this contract being called for by timely special demurrer, the judge should have ordered that the petition be so amended as to have said contract incorporated therein or attached thereto, and upon failure of the plaintiff to comply therewith the petition would have been subject to dismissal. *Southern Express Co.* v. *Cowan,* supra. As to the proper judgment on a special demurrer reference is made to *Griffeth* v. *Wilmore,* 46 *Ga. App.* 96 (166 S. E. 673).

3. The judge having erred in overruling defendant's special demurrer,. this renders further proceedings nugatory. *Hamilton* v. *Kinnebrew,* 161 *Ga.* 495 (131 S. E. 470) ; *City of Albany* v. *Brown,* 17 *Ga. App.* 707 (88 S. E. 215) ; 4 Cum. Dig. 821.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*