PRUDENTIAL FINANCE COMPANY *v.* NATIONAL
SURETY CORPORATION.

No. 13612.   MAY 15, 1941.

*H. W. McLarty* and *Winfield P. Jones,* for plaintiff in error.

BELL, Justice. ■ In this division of the opinion, we shall deal with the case only as it relates to the first of the two bonds which the plaintiff claims to have executed as surety. As shown in the preceding statement, the plaintiff did not attach to the petition a copy of either bond, but the petition alleged that the condition of the first bond was that "if Banks & Company should pay to the

City of Tampa city license-taxes found to be legally due the City of Tampa for the year 1938, then the bond would be void; otherwise to be of full force and effect," and alleged further that the National Surety Corporation "obligated itself to pay the City of Tampa the city license taxes for the year 1938 for Banks & Company in the event Banks & Company failed to pay said license taxes." Other allegations were to the effect that the City of Tampa, through its proper officers, demanded payment of the sum of $930 as the liability of the plaintiff and of Banks & Company under this bond, and that on November 21, 1939, the plaintiff paid this sum, taking a receipt and release from the city tax-collector, a copy of which is attached to the petition. The petition describes the bond as one "executed and filed with the circuit court of the 13th Judicial Circuit of the State of Florida," and shows that it was executed for Banks & Company as principal. The petition itself gives no information as to the nature of the judicial proceeding, but the indemnity contract signed by the defendant, a copy of which was attached as an exhibit, contains the figures and words, "$1545 restraining-order bond in case of the Bentley-Gray Dry Goods Company, a corporation, et al." The indemnity contract also provided that a voucher or vouchers for payment "shall be prima facie evidence of the liability of the indemnitors to reimburse the surety for such payments, with interest." In view of the foregoing allegations, the petition was not subject to *general* demurrer so far as it sought a recovery on the first transaction. *Dotson* v. *Savannah Pure Food Canning Co.,* 140 *Ga.* 161 (78 S. E. 801) ; *Piedmont Hotel Co.* v. *Henderson,* 9 *Ga. App.* 672 (2) (72 S. E. 51). The court did sustain grounds 1, 3, and 4 of the special demurrer, so far as "to require the setting up of a copy of the bond referred to or substantially the provisions thereof." Since special ground 4 did not relate to the first bond, we will at this point consider only grounds 1 and 3 and the order passed thereon. The judge did not require absolutely that a copy of the bond be attached, his order being in the alternative. He did require, however, that at least the substantial provisions of the bond be stated; and the proper construction of his order would seem to be that he considered that such provisions had not already been alleged. Certainly the order adjudicated something adversely to the plaintiff, and required amendment. If the defendant had moved for some further

order after the plaintiff failed to amend within the time allowed, it may be that an entirely different situation would have been created; but as to that of course no decision is here made. Compare *White v. Little,* 139 *Ga.* 522 (3) (77 S. E. 646); *Jones* v. *Butler,* 191 *Ga.* 126 (12 S. E. 2d, 326); *Headley* v. *Maxwell Motor Sales Co.,* 25 *Ga. App.* 26 (2) (102 S. E. 374).

To say the least, the order as passed substantially sustained every contention made in grounds 1 and 3 of the special demurrer, unless it be otherwise as to that part of ground 1 which objected that the petition did not, either in paragraph 7 or elsewhere, set forth "the nature of said judicial proceeding," or the liability on the bond, "if any, judicially determined,"—the latter phrase meaning, we suppose, the conditions of the bond as prescribed by judicial order. The court did not err in overruling this part of the demurrer. The petition showed that the bond was executed and filed with the circuit court of the 13th Judicial Circuit of the State of Florida. In the indemnity contract it was further described as a bond made in behalf of Banks & Company and in favor of the City of Tampa, Florida, "$1545 restraining-order bond in case of the Bentley-Gray Dry Goods Company, a corporation, et al." A copy of the indemnity contract was made a part of the petition, and according to the copy it was signed by the defendant. The defendant thus contracted with reference to the judicial proceeding, and actually stated the case and its nature in a general way. It further appears in this contract that the bond was given in pursuance of some restraining order, and that it was made on request of the defendant in the very case stated. In these circumstances, the defendant presumably knew all about the case and the orders rendered therein, and did not need further information in order to prepare its defense. Since the petition alleged enough to show to the court a right of action in the plaintiff, and the defendant did not need additional information, the demurrer was without merit in so far as it may have demanded further specification. Apparently, the decision in *Red Line Products Co.* v. *J. M. High Co.,* 53 *Ga. App.* 531 (186 S. E. 698), cited for the defendant, would be applicable, if the plaintiff here had not set forth a copy of the indemnity agreement signed by the defendant; but as it is, the ruling there made is not pertinent in the instant case. Nor is the conclusion here reached contrary to the decision in *Southern*

*Grocery Stores Inc.* v. *Childs,* 174 *Ga.* 888 (164 S. E. 766), or to other decisions relied on by the plaintiff in error. We conclude that the judge did not err in overruling special grounds 1 and 3, in so far as he may in fact have overruled them. Nor was it error to overrule other grounds of demurrer, either general or special, as to any part of the petition relating to the first bond.

■ In so far as the plaintiff sought a recovery in relation to the second bond, the petition was fatally defective, for the reason that it did not disclose any actionable indemnity agreement or a breach thereof by the defendant as referable to such bond. Recovery here was sought on basis of the general indemnity agreement, a copy of which was set forth as exhibit "C." As shown in the preceding statement, this agreement purported to cover any and all bonds which the surety company might execute on application of the defendant, or by any person, firm, corporation, or association whose name shall for that purpose have been furnished to the surety company by the defendant indemnitor. The agreement does not otherwise identify any bond as to which the defendant would be liable, and the petition nowhere alleged that the second bond was made on request or application of any of such parties, or of any party, for that matter. For this reason, it did not state a cause of action for reimbursement in so far as the second bond is concerned, and the court erred in overruling that part of ground 4 of the special demurrer attacking the allegations of paragraph 10 because "neither the said allegations nor the copy of said alleged indemnity agreement disclose any actionable indemnity agreement or breach thereof, and should accordingly be stricken." While the petition as a whole was not demurred to on this ground, yet with the allegations of paragraph 10 stricken, as they should have been, nothing would have remained as basis for recovery upon the second indemnity agreement. This being true, other grounds of demurrer pertaining to this phase of the case need not be considered.

*Judgment affirmed in part and reversed in part. All the Justices concur.*