32690.   MAY v. ATLANTA BUILDERS INCORPORATED.

DECIDED OCTOBER 18, 1949.

*Rex T. Reeves,* for plaintiff.

*James A. Branch, Thomas B. Branch Jr.,* for defendant.

GARDNER, J. The trial judge sustained certain of the special demurrers to the petition, with leave to the plaintiff to amend within fifteen days. These demurrers were to the effect that the plaintiff did not have attached to her petition the alleged contracts nor were the same set out therein and because there were not attached to the petition certain plans and specifications referred to, nor were the same set out or incorporated in the petition. Right or wrong, this judgment became an adjudication that it was essential to the plaintiff's cause of action that this contract should be attached to the petition as an exhibit or set out therein, and that these plans and specifications be attached to the petition or incorporated therein. This was the law of this case. *Jones* v. *Butler,* 191 *Ga.* 126 (12 S. E. 2d, 326). The plaintiff did not except to this order, but undertook to amend her petition to meet the order of the court. In order to comply with such order, it was necessary that the plaintiff attach a copy of the contract to the petition or set the same out therein, and that she attach to the petition such plans and specifications or incorporate the same in the petition. The first amendment presented by the plaintiff did not comply with such order, and upon the defendant's demurring thereto and renewing its original demurrers, the trial judge correctly rendered judgment requiring the plaintiff to amend within fifteen days to comply with the judgment first rendered, and that upon failure to do so, the petition should stand dismissed without further order. See *Baker* v. *Atlanta,* 22 *Ga. App.* 483 (96 S. E. 332); *Thomas* v. *Georgia Ry. & Power Co.,* 23 *Ga. App.* 428 (98 S. E. 360). In *Howell* v. *Fulton Bag & Cotton Mills,* 188 *Ga.* 488, 490 (4 S. E. 2d, 181), the Supreme Court held that, "Where on demurrer to a petition an order is entered, requiring that the petition be amended by setting forth certain facts construed by the order to be material to the cause of action, and that in default of such amendment within a stated time the petition

'stand dismissed,' such order is the law of the case, in the absence of timely exception and writ of error therefrom, and a dismissal . . is proper, if the plaintiff fails to conform to its terms." As to a dismissal on special demurrer where a plaintiff fails to make a required material amendment, see *Sutton* v. *Adams*, 180 *Ga.* 48, 71 (178 S. E. 365); *News Publishing Co.* v. *Lowe*, 8 *Ga. App.* 333, 334 (69 S. E. 128).

The trial judge properly sustained the defendant's motion and adjudged that, the plaintiff not having amended her petition to meet the special demurrers, the same stood dismissed under the prior order of May 10, 1949.

There is nothing to the contrary in *Martin* v. *Mayer*, 63 *Ga. App.* 387, 398 (11 S. E. 2d, 218), or in *City of Abbeville* v. *Eureka Fire Hose Mfg. Co.*, 177 *Ga.* 204 (170 S. E. 23), these decisions having nothing to do with the situation which has arisen here. When the plaintiff. failed to except to the first judgment on the special demurrers, that judgment became the law of the case, and it was adjudicated that it was essential to her cause of action that the contracts referred to be attached or set out in the petition. It is true that the plaintiff in her amendment sets out that the contracts were in the defendant's possession and she could not attach the same. However, the plaintiff makes no effort to comply with the order of the court by setting out the same or the terms thereof in the petition. The same is true as to the plans and specifications to which reference is made. It is true that a special demurrer calling for detailed information which is in the exclusive possession of the demurring party should be overruled, but here the trial judge sustained certain special demurrers and this judgment became the law of the case that the plaintiff either attach to her petition the contracts referred to, or set out in the petition the terms thereof, and she did neither. What we have ruled here is not contrary to the ruling in *Chatham Finance Co.* v. *Eitel*, 66 *Ga. App.* 643 (19 S. E. 2d, 54), that, "it is not a good ground of special demurrer that a copy of the writing is not set forth in it or attached to the petition as an exhibit, where it is alleged that at the time of the execution of the contract it was retained by the defendant and no copy was furnished to the plaintiff." Had the plaintiff alleged in her original petition that

the contract to which reference was made was in the exclusive possession of the defendant and that she had no copy, and had there been a special demurrer on the ground that the contract was not attached to the petition, then, under the *Eitel* case, the court should overrule such special demurrer. In the case at bar, the original petition contained no such allegation. The case of *Irby* v. *Gulf Life Ins. Co.*, 78 *Ga. App.* 783 (52 S. E. 2d, 491), is in line with what we hold in this case, and that is that a ruling of the trial judge sustaining a special demurrer, not excepted to, but followed by an amendment to the petition, becomes the law of the case. There is no merit in the contention that the only question for the appellate court on appeal from a judgment sustaining the demurrer to the amended petition is to determine whether the amendment cured the defects pointed out by the special demurrer.

The contention of the plaintiff that her petition together with the amendment setting up that the contract and plans and specifications were in the defendant's possession and control and could not be attached, cured the defects pointed out by the original special demurrers and order sustaining the same with leave to amend, is not well taken. The amendment of the plaintiff did not meet the objection that the petition failed to set forth the contracts referred to or to attach the same to the petition, and it was the law of the case that this was essential to the plaintiff's cause of action.

Applying the above rulings, the court properly rendered the judgment of June 28, 1949, holding that the plaintiff's petition stood dismissed under the order of May 10, 1949, when she failed to file an amendment meeting the defects pointed out by the special demurrers sustained by the prior order of January 31, 1949, with leave to amend.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*