## 35581. JOHNSON *v.* HOWARD.

DECIDED MAY 6, 1955—REHEARING DENIED MAY 31, 1955.

100

*R. F. Schuder, Wheeler, Robinson & Thurmond,* for plaintiff in error.

*Ed Quillian, Jeff C. Wayne,* contra.

CARLISLE, J. ■ Of the renewed general and special demurrers to the petition as amended, counsel for the defendant has, in this court, argued only the special demurrer, which attacked the petition as amended for "multifariousness" and "duplicity," in seeking actual damages to the plaintiff's property and also punitive damages in one and the same count. The other demurrers, which were not argued or generally insisted upon in this court, will be treated as having been abandoned.

■ When a transaction partakes of the nature of a contract and of a tort, the party complaining may waive the one and rely solely upon the other (Code § 105-105; *Perdue* v. *Harwell,* 80 *Ga.* 150, 4 S. E. 877); and "while, as a general rule, allegations of fact are to be construed most strongly against the pleader, yet, in the absence of [a proper] special demurrer, where the facts alleged in a petition are such as would be proper and adequate to support one form of action, but inadequate, although appropriate, to another form of action, and where the petition is ambiguous to the extent that the pleaders' intention is not clearly manifest as to which form of action is relied upon, the courts, in endeavoring to ascertain the plaintiff's intention, will prima facie presume that his purpose was to serve his best interest, and will construe the pleadings so as to uphold and not to defeat the action. *Stoddard* v. *Campbell,* 27 *Ga. App.* 363 (108 S. E. 311); *Moore* v. *Standard Accident Ins. Co.,* 48 *Ga. App.* 508, 512 (2, 3) (173 S. E. 481)." *Royal* v. *Byrd,* 51 *Ga. App.* 397 (180 S. E. 520). Under an application of this rule of construction, as no proper special demurrer was lodged against the petition, it is manifest from the allegations and prayers that the plaintiff in the instant case is seeking to recover for the tortious acts of the defendant landlord in wilfully and wantonly evicting the plaintiff before the expiration of his term of lease, in damaging certain items of the plaintiff's furniture in evicting him, and for compensation for the plaintiff's wounded feelings resulting from or attendant upon the defendant's tortious acts.

The defendant's special demurrer attacked the petition as duplicitous in the measure of damages sought. Such a demurrer

does not reach the question of the duplicity of causes of actions nor force an election of remedies, since, being a critic, the special demurrer must itself be free from imperfections and put its finger squarely upon the defect in the petition which it seeks to remedy. *Southern States Portland Cement Co.* v. *Helms,* 2 *Ga. App.* 308, 314 (58 S. E. 524). Since, under the rule of construction stated above, the petition is to be treated as one seeking to recover in tort and there are allegations of aggravation, there is no duplicity in the measure of damages sought, and the trial court did not err in overruling the special demurrer, based upon such ground, to the petition. See, in this connection, *Real Estate Loan Co.* v. *Pugh,* 47 *Ga. App.* 443 (1) (170 S. E. 698), where it was held that, "Where a landlord, without the tenant's consent and before the expiration of the term, enters upon the rented premises without authority of law and forcibly evicts the tenant and rents the premises to another, and in so doing takes possession of the tenant's effects, and in moving them damages them, the landlord thereby commits an inexcusable trespass against the tenant, whereby the tenant's home and abode is broken up and destroyed. In a suit by the tenant against the landlord to recover damages for such tortious eviction, where the evidence authorizes the jury to infer that the tortious act of the landlord in evicting the tenant was attended with such aggravating circumstances, the jury is authorized to find a sum in punitive damages, or damages for compensation for the wounded feelings of the tenant. Civil Code (1910), § 4503 [Code § 105-2002]; *Georgia Railway & Electric Co.* v. *Baker,* 125 *Ga.* 562 (54 S. E. 639, 6 L. R. A. (NS) 103, 114 Am. St. R. 246, 5 Ann. Cas. 484); *Savannah Electric Co.* v. *Badenhoop,* 6 *Ga. App.* 371 (65 S. E. 50); *Lipscomb* v. *Watkins,* 28 *Ga. App..* 185 (2) (110 S. E. 502)."

■ To render one man liable in trespass for the acts of another, it must be made to appear either that they acted in concert, or that the act of the party sought to be charged ordinarily and naturally produced the acts of the other (*Brooks* v. *Ashburn,* 9 *Ga.* 297; *Burns* v. *Horkan,* 126 *Ga.* 161, 165, 54 S. E. 946; *Markham* v. *Brown,* 37 *Ga.* 277, 281, 92 Am. D. 73); and where, upon the trial of a case brought by a tenant against his landlord for trespass, it is made to appear from the evidence that the defendant landlord, without the tenant's consent, and before

the expiration of the tenant's term, rented the premises to a third person and authorized such person to enter upon the premises without authority of law, and such person does as he is authorized and in doing so takes possession of certain items of furniture and in moving those items from the dwelling damages them and leaves those items where they are exposed to the elements and damaged further, the jury is authorized to find the defendant landlord guilty of trespass and of damaging the plaintiff tenant's property, although the evidence be in conflict on all the material issues. *Real Estate Loan Co.* v. *Pugh,* supra. And where, from the evidence, the jury is also authorized to infer that the tortious acts of the landlord, in causing the tenant's eviction and the damage to his property, were attended with aggravating circumstances, the jury is authorized to find a sum in punitive damages, or damages for compensation for the wounded feelings of the tenant, in addition to such sums as are found on account of the trespass and damage to the tenant's property. *Real Estate Loan Co.* v. *Pugh,* supra. And we think that, when the landlord, on the night the tenant discovered the trespass and found his furniture moved out of his dwelling and exposed to the elements, slammed his door in the tenant's face, refusing to discuss the matter with the tenant or make any effort to protect the tenant's property from further damage, it is such an aggravating circumstance, from which the jury might infer malice and award punitive damages, especially when the landlord was fully aware that the tenant's term had not expired and he had no legal cause to evict him. The evidence authorized the verdict for the tenant in the amount of $900, which was within the range of the damages sought, and there is no merit in the general grounds of the motion for new trial.

■ In view of what has been said and ruled in division 3 of this opinion, it appears that special grounds 1, 2, and 3 of the motion for new trial, which complain of the trial court's charges on the defendant's responsibility for the act of the third person in entering the premises, the defendant's liability for the act of such third person in damaging the plaintiff tenant's property, and the defendant's liability for punitive damages, are without merit.

■ In special ground 4, complaint is made that the verdict is

excessive and the result of bias. As we have said, properly construed, the action is one in tort. The evidence is such as to have authorized the jury to find aggravating circumstances attendant upon the tort and to award punitive damages, the measure of which is the enlightened conscience of the jury. The plaintiff sought $1,700 damages for the trespass, damage to his property, and compensation for his wounded feelings; the verdict was for $900. It does not appear from the record that the verdict was the result of prejudice, bias, corruption, or gross mistake, and this court will not set it aside as excessive (*Holtsinger* v. *Scarbrough,* 71 *Ga. App.* 318, 30 S. E. 2d 835); this ground of the motion for new trial is not meritorious.

The trial court did not err in overruling the special demurrer to the petition or err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*