## 41189. GARDNER v. CONSOLIDATED LOAN & FINANCE COMPANY OF ATLANTA, INC.

EBERHARDT, Judge. Plaintiff, a furniture dealer, sued defendant finance company to recover amounts of reserve held on notes discounted to the finance company. It is alleged that part

of the money is due because the notes involved have either been paid in full or renegotiated by defendant and as to the remainder that the defendant deducted these amounts from the reserve.

Two of the finance company's special demurrers were sustained, one of them being that the contract relied on is neither set forth in substance nor is a copy attached. The plaintiff refused to amend and the petition was dismissed. *Held:*

While the defendant may not, by special demurrer require plaintiff to allege whether the contract declared upon was in writing, and all that is required is that the petition incorporate therein the contract, or a statement of the pertinent and material provisions thereof, or attach a copy, *Code* § 81-105, *Southern Land &c. Corp. v. Davis & Floyd, Engineers, Inc.,* 109 Ga. App. 191, 198 (3) (135 SE2d 454), yet, if from the allegations of the petition it is obvious that there are pertinent and material provisions of the contract which are not pleaded a demurrer calling for them will lie. *Social Benevolent Society v. Holmes,* 127 Ga. 586 (3) (56 SE 775); *Mullin v. City of St. Marys,* 16 Ga. App. 465 (85 SE 683); *Georgia, A. &c. R. Co. v. Atlantic C. L. R. Co.,* 79 Ga. App. 837 (54 SE2d 492).

The petition alleged that defendant, under provisions of an assignment contract, deducted certain sums from notes assigned or discounted by plaintiff to defendant and that the fund was held "to offset any losses by defendant by reason of said assignment" of the notes. A list of notes assigned and from which deductions for the reserve fund were made was attached as Exhibit A (though it was not alleged that those listed were all of the notes assigned or discounted under the agreement) and it was alleged that all of those listed had been paid in full "or else the defendant has renegotiated said note and secured another note in its place." If the defendant is not entitled to hold the reserve fund against losses on notes that have been renegotiated or renewed, or against other notes than those listed that may have been assigned or discounted, some provision of the contract must deny that right, but none was pleaded.

It was alleged that of the total sum sought to be recovered "defendant owes petitioner $6,378.41 by reason of deductions from [the] reserve fund" in that amount. Since it was alleged that the fund was to be held as an offset against losses

by reason of the assignment, in construing the petition on demurrer it must be presumed that the deductions were made to cover losses that had been sustained and if there are circumstances under which plaintiff is nevertheless entitled to recover for the deductions made these must appear from the provisions of the contract, but none was pleaded.

The liability of the defendant must be measured by contract provisions in these as well as other areas and when the plaintiff was called upon by demurrer to plead them it should have been done. *City of Atlanta v. J. J. Black & Co.,* 110 Ga. App. 667, 671 (139 SE2d 515). Plaintiff made no effort to excuse himself from pleading the provisions by asserting that the contract was in defendant's possession, or that its terms and provisions were peculiarly within defendant's knowledge, nor was profert of the contract made.

The demurrers were properly sustained, and since plaintiff offered no amendment to meet them there was no error in dismissing the petition.

*Judgment affirmed. Nichols, P. J., Bell, P. J., Frankum, Jordan, Hall and Russell, JJ., concur. Felton, C. J., concurs specially. Pannell, J., dissents.*

SUBMITTED MARCH 2, 1965—DECIDED APRIL 21, 1965.

*William T. Brooks,* for plaintiff in error.
*Thomas E. Moran,* contra.

FELTON, Chief Judge, concurring specially. I do not agree that the petition does not set forth substantially the contract between the parties. I think that the petition alleges that the agreement or practice was during 1963 and the first four months of 1964 the plaintiff discounted certain notes with the defendant and that the defendant withheld from the face amount of each note a certain percentage as a reserve against loss to the defendant by reason of the default of the maker of the note and that all of the questionable notes were renegotiated and replaced with others accepted by the defendant. Paragraph 3 of the petition shows that as to the notes discounted as described by the exhibit to paragraph 3 the only reserve due the plaintiff was $5,184.20. It follows that the amount of reserve described in paragraph 5, alleged to be due the plaintiff because of withholding of reserves, must have been the result of the discounting of

other notes additional to those described in the exhibit to paragraph 3. In the absence of allegations that other notes were discounted paragraph 5 is repugnant to paragraphs 3 and 4 because these paragraphs allege the only basis for a recovery of the amount of reserve claimed by the plaintiff in paragraphs 3 and 4. A further contradiction is that no liability for the sum of $6,378.41, under paragraph 5 is shown in the absence of an allegation that there were additional notes discounted and that after the full payment by the makers of the notes or renegotiation of unsatisfactory notes the defendant was not justified in withdrawing an additional amount of reserves totalling $6,378.41. The court would have been justified in sustaining a general demurrer to the petition but did what was equivalent thereto by sustaining the special demurrer to paragraph 5. The dismissal of the petition upon failure to amend was equivalent to the sustaining of the general demurrer after the failure to amend to meet the demurrer to paragraph 5. I do not think that the petition was subject to dismissal because of a failure to meet the special demurrers to paragraph 3 of the petition alone.

PANNELL, Judge, dissenting. The petition in the present case sought recovery of $11,562.61 on behalf of the plaintiff and against the defendant by reason of the following facts:

"3. Petitioner is engaged as a sole proprietorship in a furniture store selling items of household furniture, appliances, radios, and televisions for cash and credit. During 1963 and and [sic] first four months of 1964, petitioner sold items of furniture, appliances, radios and televisions to customers who signed notes securing such purchases. Petitioner assigned such notes to the defendant herein and defendant herein remitted the full amount of said note to petitioner less 5, 10, or 17 percent of said note to be retained by defendant as a reserve fund to offset any losses by defendant by reason of said assignment. A list containing the names of the persons and the amount of reserve retained by defendant for which defendant now owes and refuses to pay to petitioner is attached hereto marked 'Exhibit A' and by reference made a part of this paragraph and petition.

"4. All of the foregoing persons listed on 'Exhibit A' have either paid the full amount of said note to defendant or else the defendant has renegotiated said note and secured another note

in its place. A total of the above reserve fund, as listed on 'Exhibit A' owed by the defendant to the petitioner is in the sum of five thousand one hundred eighty-four and 20/100ths ($5,184.20) dollars.

"5. In addition to the above amount owed by defendant to petitioner, defendant owes petitioner the sum of six thousand three hundred seventy-eight and 41/100ths ($6,378.41) dollars by reasons of deductions by defendant from reserve fund of petitioner in said sum, copy of such deductions from reserve fund is attached hereto marked 'Exhibit B' and by reference made a part of this paragraph and petition. Petitioner is demanding payment of said sum from defendant, but defendant steadfastly refuses to pay same."

The Exhibit A attached to the petition listed names, percentages and amounts deducted for deposit in the reserve fund, for which recovery is sought under paragraphs 3 and 4 of the petition. Exhibit B listed the deductions from the reserve fund made by the defendant, in some instances showing the account number, the name of the party and the dates, for which recovery is sought under paragraph 5 of the petition. General and special demurrers were filed to the petition and the general and certain special demurrers were overruled. Demurrer No. 2 and demurrer No. 4 were sustained and the plaintiff given time to amend to meet the demurrers. Upon plaintiff's failure to do so, the trial court dismissed the petition. Demurrer No. 2 was as follows: "This defendant demurs to and moves to strike paragraph 3 of the plaintiff's petition, and particularly that part which states 'Petitioner assigned such notes to the defendant herein and defendant herein remitted the full amount of said note to petitioner less 5, 10, or 17 percent of said note to be retained by defendant as a reserve fund to offset any losses by defendant by reason of said assignment,' upon the grounds that the said paragraph and portion thereof fails to state whether the alleged reserve agreement was oral or in writing, and if oral fails to set out the terms thereof, and if in writing fails to incorporate or attach thereto a copy of said agreement." This demurrer No. 2 is a demurrer to part of paragraph 3 only, and seemingly presents three separate grounds of special demurrer. "It is well settled, by the rulings of this court and of the Supreme Court, that

where proceedings are brought to enforce rights arising under a contract, failure to allege whether the contract was in writing cannot be taken advantage of by demurrer. If the contract is of a kind which the law requires to be in writing, it will be presumed that it was in writing; but, under the general allegation of a contract and of the breach thereof, evidence would be admissible to prove the character of the contract,—whether it was in writing or in parol. *Freeman v. Matthews,* 6 Ga. App. 164 (64 SE 716); *Draper v. Macon Dry Goods Co.,* 103 Ga. 663 (30 SE 566, 68 ASR 136); *Walker v. Edmondson,* 111 Ga. 454, 457 (36 SE 800)." *Georgia, F. &c. R. Co. v. Parsons,* 12 Ga. App. 180, 182 (76 SE 1063). The petition in the above case was demurred to on the grounds "that the plaintiff failed to attach to the petition a copy of the contract in question, or to allege whether the contract was written or oral." The plaintiff here, therefore, could not be called upon to state whether the contract was in writing or in parol.

A demurrer to a petition on the ground that the contract sued upon is in writing and the copy should be attached is a speaking demurrer unless it appears from the petition that the contract is written. *Louisville &c. R. Co. v. Holland,* 132 Ga. 173 (63 SE 898); *Timmerman v. Stanley,* 123 Ga. 850 (51 SE 760, 1 LRA (N.S.) 379). It would seem to follow that a demurrer to a paragraph of the petition involving an agreement that "if in writing [it] fails to incorporate or attach thereto a copy of said agreement" suffers from the same disability. The same holds true of a demurrer on the grounds that "If oral [it] fails to set out the terms thereof." A demurrer which introduces some new fact or averment which is necessary to support the demurrer and which does not appear upon the face of the pleadings demurred to, is a speaking demurrer and is not maintainable and should be overruled. *Scottish Union &c. Ins. Co. v. Peoples Credit Clothing Co.,* 61 Ga. App. 316 (2) (6 SE2d 178). While a petition in a suit where the contract is the cause of action or the basis of the action may be demurrable for the failure to fully set out the terms of the contract, *Cooper v. Claxton,* 122 Ga. 596 (50 SE 399), there is no such demurrer here. The demurrer that "If oral [it] fails to set out the terms thereof" is predicated upon the contract being an oral one. Since it does

not affirmatively appear that the contract was oral, the demurrer is ineffective for this purpose. A demurrer itself being a critic must be free from fault. *Southern States Portland Cement Co. v. Helms*, 2 Ga. App. 308, 314 (58 SE 524) ; *Rhyne v. Price*, 82 Ga. App. 691, 697 (62 SE2d 420) ; *Johnson v. Howard*, 92 Ga. App. 96 (88 SE2d 217) ; *Smith v. Willoughby*, 204 Ga. 570 (2b) (50 SE2d 364).

Ground 4 of the demurrer directed to paragraph 5 of the petition is as follows: "This defendant demurs to and moves to strike paragraph 5 of plaintiff's petition upon the grounds that said paragraph is repugnant to and in conflict with paragraph 4 and the remainder of said petition in that it alleges that this defendant paid for the purported reserve fund the sum of $6,378.41, and in paragraph 4 alleged that the total reserve fund was $5,184.20, and upon the further grounds that said paragraph and the Exhibit B attached thereto fails to set forth and allege to whom the said disbursements were paid and when the said disbursements were paid."

This ground 4 of the demurrer complains that paragraph 5 of the petition is in conflict with paragraph 4 of the petition because in one paragraph the reserve fund is alleged to be one amount, and in the other paragraph a different amount. In paragraph 4 of the petition, it is alleged that "A total of the above reserve fund, as listed on 'Exhibit A' owed by the defendant to the petitioner is in the sum of five thousand one hundred eighty-four and 20/100ths ($5,184.20) dollars." This is merely an allegation that the total amount out of the reserve fund owed by defendant to plaintiff because of the allegations in paragraph 3 is the sum of $5,184.20, and is not an allegation as to the total amount of the reserve fund itself. Paragraph 5 of the petition sets forth the amount which the plaintiff claims defendant owes in addition to that set out in paragraphs 3 and 4 of the petition because of deductions by the defendant from the reserve fund in the amount of $6,378.41. There is no conflict between these allegations as contended in the demurrer. This ground of the demurrer also seeks information from the plaintiff as "to whom the said disbursements were paid and when the said disbursements were paid" in the list of deductions from the reserve fund. The reserve fund apparently was under con-

trol of the defendant and in its possession. The knowledge of these facts was within the special knowledge of the demurrant and this portion of the demurrer to paragraph 5 was also without merit. *Allen v. Allen,* 196 Ga. 736 (27 SE2d 679); *May v. Atlanta Builders, Inc.,* 80 Ga. App. 183 (55 SE2d 728); *Central Ga. Elec. Membership Corp. v. Heath,* 60 Ga. App. 649 (4 SE2d 700).

There is no demurrer to paragraph 5 of the petition on the ground that said paragraph contained insufficient allegations as to the terms of the contract relied on for the recovery of the $6,378.41 of deductions therefrom made by the defendant, nor was there such a demurrer to the petition as a whole. The fact that this paragraph may have been subject to such demurrer, if one had been filed, is no authority for this court to affirm or justify the trial judge in the erroneous sustaining of other demurrers to that paragraph. What the majority of this court has done is to hold that the petition was subject to general demurrer, and this, in the face of the overruling of such demurrer by the trial judge, which ruling unexcepted to is the law of the case. There is no cross bill of exceptions in the present case assigning error on such ruling.

It is my opinion, therefore, that the trial judge erred in sustaining demurrer No. 2 to paragraph 3 of the petition and demurrer No. 4 to paragraph 5 of the petition and that the judgment should be reversed.